WILLIAM A. CULPEPPER, Judge Pro Tem.
This writ application was filed by defendant-insurer requesting us to decide whether pre-comparative fault principles should be applied during the trial in which plaintiffs seek damages for personal injuries sustained as a result of exposure to asbestos during their employment. The trial court’s ruling dated April 25, 1991 found that comparative fault principles applied to questions of contribution among the defendants. This same issue is presented in Outher Cole, et al. v. Celotex Corporation, et at, 588 So.2d 376 (La.App. 3 Cir. 1991). Both suits were filed in the Fourteenth Judicial District Court. This court stayed the trial proceedings, consolidated the instant writ application with the appeal in Cole, supra, and granted both sides additional time to file briefs.
For the reasons stated in Cole, supra, in which a separate decision is rendered by us this date, we find that pre-comparative fault principles apply, that each liable defendant is a joint tortfeasor and constitutes a different virile share, and that a finding of contributory negligence and/or assumption of the risk on the part of plaintiff bars recovery against plaintiffs employer or co-employees. Therefore, the trial court’s ruling dated April 25, 1991 is hereby reversed and set aside.
WRIT GRANTED AND MADE PEREMPTORY. STAY ORDER RECALLED.