599 So.2d 1086 (1992)
Homer CHAMPAGNE, et al.
v.
CELOTEX CORPORATION, et al.
No. 91-C-2571.
Supreme Court of Louisiana.
May 28, 1992.
Robert E. Kerrigan, Jr., A. Wendel Stout, III, Janet L. MacDonell, Marc J. Yellin, and Gary B. Roth, Deutsch, Kerrigan & Stiles, New Orleans, for applicant.
*1087 William B. Baggett, William B. Baggett, Jr., Rebecca S. Young, Baggett, McCall & Burgass, Lake Charles, Lawrence G. Pugh, III, Montgomery, Barnett, Brown, Read, Hammond & Mintz; Richard R. Forman; Larry G. Canada, J. Michael Johnson, Galloway, Johnson, Tompkins & Burr, New Orleans, James L. Pate, Ben L. Mayeaux, Laborde & Neuner, Lafayette, Michael T. Cali, Gerald J. Talbot, Dwight C. Paulsen, III, Lemle & Kelleher, New Orleans, William T. McCall, Robert E. Guillory, Jr., Guillory & McCall, Lake Charles, Dermot S. McGlinchey, Victoria K. McHenry, James M. Garner, Martha M. Young, McGlinchey, Stafford, Cellini & Lang, New Orleans, Richard M. Shusterman, David E. Sandels, Jr., White and Williams, Philadelphia, Pa., Richard N. Dicharry, Phelps Dunbar, New Orleans, Robert Johnson; J. Michael Veron, David L. Hoskins, Scofield, Gerard, Veron, Hoskins & Soileau, Lake Charles, David Tolin, Weller, Wheelus & Green, Beaumont, Tex., Thomas M. Bergstedt, Bergstedt & Mount, Lake Charles, and Jesse R. Adams, Jr., Adams & Johnson, New Orleans, for respondent.
Patrick J. Hanna and Frances S. Hays, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, for Highlands Inc., amicus curiae.
Maria Isabel O'Byrne Stephenson, Lisa Carol Matthews, and Earl Norman Vaughan, New Orleans, for Rock Wool Manuf. Co., amicus curiae.
Linda Suzanna Harang and Douglas Watson Redfearn, Duplass, Witman, Zwain & Williams, Metairie, for Eagle Inc., amicus curiae.
Steven Barth Witman and Joseph Benjamin Morton, III, Duplass, Witman, Zwain & Williams, Metairie, for Marquette Insulations Inc., amicus curiae.
Stephen Nolan Elliott and Lisa Cutitto Winter, Bernard, Cassisa, Saporito & Elliott, Metairie, for Reilly Benton Co. Inc., amicus curiae.
Christopher Kelly Lightfoot, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for Taylor Seidenbach Inc., amicus curiae.
Brian Lucien Reboul, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for La-Mo Refactory Supply Co., amicus curiae.
Geoffrey Powell Snodgrass and Joseph Warren Gardner, Christovich & Kearney, New Orleans, for Acands Inc., amicus curiae.
Dominic J. Ovella and Valerie T. Schexnayder, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for Flintkote Co., amicus curiae.
Brian Carl Bossier, Robert Edgar Caraway, III, and Robert E. Williams, IV, Metairie, for J. Melton Garrett, George Kelmell, Peter Territo, Steven Kennedy, Albert Bossier, Edward Blanchard, Ollie Gatlin, Edwin Hartzmann, John Chantrey, Charles Calzada, and Paul Tregre, Jr., amici curiae.
Edward John Lilly, Dymond, Crull, Castaing & Lilly, New Orleans, for Uniroyal Inc., amicus curiae.
Gary Allen Lee, Faris, Ellis, Cutrone & Gilmore, New Orleans, for Underwriters at Lloyd's London Co., amicus curiae.
Linda Suzanna Harang, Duplass, Witman, Zwain & Williams, Metairie, for Branton Insulations Inc., amicus curiae.
Rebecca A. Bush, Adams and Reese, New Orleans, for Foster-Wheeler Corp., amicus curiae.
Robert H. Urann and Nancy Picard, Gardner, Robein & Urann, Metairie, for Louisiana State Bldg. & Const. Trades Council, amicus curiae.
Rockne Locke Moseley, Lea, Plavnicky & Moseley, New Orleans, for McDermott Inc., amicus curiae.
No Atty. Listed For Pittsburgh Corning Corp., City Service, and Oxy.
HALL, Justice.
This is a suit involving injuries to workers caused by long-term exposure to asbestos at their workplace. We granted the application filed by two defendants, GAF Corporation and Quigley Company, both former manufacturers of asbestos-containing products, to consider whether the law to be applied in allocating liability among the parties to the instant suit is comparative, *1088 or pre-comparative, fault. 592 So.2d 401 (La.1992). The same issue is also raised in the companion case Cole v. Celotex Corp., 588 So.2d 376 (La.App. 3rd Cir. 1991), writs granted, 592 So.2d 401 (La. 1992). Because both cases involve this common issue, the Cole case was consolidated with the instant case for purposes of oral argument. We render a separate opinion in Cole today.
In December 1987, six former Cities Service employees and their wives commenced suit, claiming damages for injuries caused by long-term exposure to asbestos at their workplace. While the plaintiffs' dates of employment varied, the petition alleges generally exposure from 1945 through the year this suit was commenced, 1987. The plaintiffs named as defendants, Insurance Company of North America ("INA"), Lloyds of London and multiple manufacturers of asbestos-containing products, including GAF and Quigley. In their petition, the plaintiffs assert multiple theories of liability against the manufacturers, including the full gamut of products liability claims. While not joined directly as defendants, certain purported Cities Service executive officers are named by plaintiffs and are alleged to have negligently failed to provide plaintiffs with a safe workplace between 1945, the year they began work, and 1976, the year the Louisiana legislature amended LSA-R.S. 23:1032 of the Worker's Compensation Law to eliminate negligence suits against executive officers of corporate employers. INA and the manufacturers filed cross-claims seeking indemnity and contribution.
As to the claims of three of the plaintiffs, Homer Champagne, Sr., Milton Todd, and Aaron Landry, a trial date of May 6, 1991, was fixed. In response, INA filed a motion seeking a pre-trial ruling on the applicable law relative to the allocation of fault among the parties. INA's motion sought a ruling on three issues: (1) Whether any fault of the plaintiffs will be based on pre-comparative fault or comparative fault; (2) Whether allocation of fault, if any, between the defendants for contribution purposes will be based on pre-comparative (pro-rata) fault or comparative (percentage) fault; and (3) Whether any fault of the alleged Cities Service executive officers should collectively constitute only one virile share under allocation of liability based on pre-comparative fault principles.
On April 25, 1991, the trial judge rendered a decision, holding that comparative fault law applied to questions of contribution among the defendants: "questions of contribution and/or indemnity amongst the defendants shall be apportioned according to percentages of fault, not by counting of heads." From that ruling, INA applied to the Third Circuit for supervisory writs and a stay of the trial.
Granting INA's requests, the Third Circuit stayed the trial proceedings and consolidated this matter with Cole, supra, which was pending before it and which raised an identical issue on appeal. On the same day it rendered its decision in the Cole case, the Third Circuit rendered a separate decision in the instant case, reversing the trial judge's April 25, 1991, ruling and holding that, for the reasons stated in Cole, (1) pre-comparative fault principles apply, (2) each liable defendant is a joint tortfeasor and constitutes a different virile share, and (3) a finding of contributory negligence and/or assumption of the risk on the part of plaintiff bars recovery against plaintiff's employer or co-employees. Champagne v. Celotex Corp., 588 So.2d 391 (La.App. 3rd Cir.1991).
For the reasons assigned this day in Cole v. Celotex Corp., 599 So.2d 1058 (La.1992), the judgment of the court of appeal is affirmed.
AFFIRMED.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I write separately for the reasons expressed in my concurring opinion in Cole v. Celotex, 599 So.2d 1058. However, I note that the use of my analysis of the applicability of the LCFL may require a different result under the facts of this case. The manufacturer defendants are alleged to have injuriously exposed the plaintiffs to *1089 asbestos during the years 1945 to 1987. If the essential events resulting in the accrual of their claims all occurred before 1980, under my analysis the LCFL would not apply to the claims for contribution among defendants. Conversely if the claims did not accrue until after the LCFL became effective in 1980, the LCFL will apply among the defendants.
However, unlike the Cole case, wherein the jury had determined as a matter of fact that the plaintiffs were not at fault in causing their own injuries, this case presents the question whether contributory negligence or comparative fault can be applied, as a matter of law, to reduce the recovery of the plaintiffs from the manufacturers-defendants. In Bell v. Jet Wheel Blast, 462 So.2d 166 (La. 1985), we concluded that contributory negligence does not apply in strict product liability cases. Furthermore, comparative fault may not be applied to reduce a claim for damages in a case in which such a reduction would provide no incentive to other plaintiffs to guard against the type of negligent behavior engaged in by the plaintiff. Bell, 462 at 172. As we reasoned in Bell, the allocation of fault among tortfeasors is founded in part on the need for economic incentive for product quality control, a goal not advanced by forcing the injured person to underwrite the loss, particularly when the defendant tortfeasors have the capacity to distribute the loss more efficiently. Id.